UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONDELL FALCONER, a/k/a JESUS CHRIST,

    Plaintiff,

                              Civil No: 2:19-CV-10961
                              HONORABLE PAUL D. BORMAN
v.                           UNITED STATES DISTRICT COURT

UNITED STATES GOVERNMENT, et. al.,

    Defendants,
_____/

OPINION & ORDER OF SUMMARY DISMISSAL

I. INTRODUCTION

Rondell Falconer, ("Plaintiff"), presently confined at the Richard A. Handlon Correctional Facility in Ionia, Michigan, has filed a civil rights complaint. For the reasons stated below, the complaint is DISMISSED FOR BEING FRIVOLOUS AND FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

II. STATEMENT OF FACTS

Plaintiff's pleadings are two hundred and twenty pages, including numerous exhibits and attachments. Plaintiff sues the United States Government, the Attorney General for the United States, President Donald J. Trump, the Michigan

1

Attorney General, Governor Gretchen Whitmer of the State of Michigan, the head of the Michigan Parole Board, and several prison staff members whom he identifies only as John or Jane Does.  Plaintiff's complaint is lengthy and rambling but the main gist of plaintiff's complaint is that he is Jesus Christ or the Christian Messiah.  Plaintiff claims that as the Messiah he is being wrongly detained by the Michigan Department of Corrections.  Plaintiff also claims that while incarcerated at the Handlon Correctional Facility he was assaulted, handcuffed, and shot multiple times by an officer whose name is illegible.  Plaintiff further claims that he was assaulted by "Roman Catholic soldiers" who accused plaintiff of blasphemy for claiming to be Jesus.  Plaintiff further claims he was improperly placed in suicide watch so that people could look at him while he was naked "so I would know homosexuality was Roman Catholic law."  Plaintiff claims that he was robbed, molested, and involuntarily medicated. (ECF No. 1, PgID 10-12).

III.  STANDARD OF REVIEW

Plaintiff has been allowed to proceed without prepayment of fees. *See* 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997).  However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:

> (B) the action or appeal:
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). *See also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are "fantastic or delusional," or if it is based on legal theories that are indisputably meritless. *See Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327–28); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198–99 (6th Cir. 1990). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F.3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001). A federal court is permitted to consider any prison grievances and responses to those grievances that are attached to and incorporated in a *pro se* prisoner complaint in determining whether or not the case is subject to summary dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for failing to state a claim upon which relief can be granted. *See, e.g., White v. Caruso*, 39 F. App'x 75, 78 (6th Cir. 2002). Courts are also permitted to review other documents that are attached to a *pro se* complaint to determine whether a *pro se* plaintiff states a claim upon which relief can be granted, or

3

whether the complaint should be summarily dismissed. *See, e.g., Powell v. Messary*, 11 F. App'x 389, 390 (6th Cir. 2001).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

42 U.S.C. § 1983 does not apply to actions against federal officials, because they are not state actors acting under color of state law. However, a plaintiff may file suit in federal court for damages arising from a violation of plaintiff's constitutional rights by persons acting under the color of federal law. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395 (1971). To the extent that plaintiff alleges that his constitutional rights were violated by persons acting under color of federal law, plaintiff's complaint would be properly construed as a *Bivens* action. *See, e.g., Shehee v. Luttrell,* 199 F.3d 295, 298 (6th Cir. 1999). The screening provisions of the Prisoner Litigation Reform Act (PLRA) are applicable to *Bivens* actions. *See, e.g., Diaz v. Van Norman*, 351 F. Supp. 2d 679, 680-81 (E.D. Mich. 2005).

IV. DISCUSSION

Plaintiff's complaint is subject to dismissal for several reasons.

First, the complaint would be subject to dismissal, because plaintiff has failed to comply with the pleading requirements of Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This rule seeks "to avoid technicalities and to require that the pleading discharge the function of giving the opposing party fair notice of the nature and basis or grounds of the claim

and a general indication of the type of litigation involved." *Chase v. Northwest Airlines Corp.*, 49 F. Supp. 2d 553, 563 (E.D. Mich.1999) (quoting Wright & Miller, Federal Practice and Procedure: Civil 2d § 1215). Similarly, Rule 8(e)(1) requires that "Each averment of a pleading shall be simple, concise, and direct." Plaintiff's complaint is subject to dismissal for failing to comply with the dictates of Federal Rule of Civil Procedure 8(a). *See Echols v. Voisine*, 506 F. Supp. 15, 17-19 (E.D. Mich. 1981), *aff'd,* 701 F.2d 176 (6th Cir. 1982) (Table). *See also Payne v. Secretary of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Rule 8(a)(2); "Neither this court nor the district court is required to create Payne's claim for her.").

Secondly, plaintiff's lawsuit is subject to dismissal as being frivolous because his claim that he is Jesus Christ is delusional. *See Dekoven v. Bell*, 22 F. App'x 496, 497-98 (6th Cir. 2001) (fee-paid complaint alleging that plaintiff was the true messiah and that the defendants had committed the torts of libel and slander against him was properly dismissed for lack of subject matter jurisdiction on ground plaintiff's belief that he was the messiah was delusional and that his complaint was frivolous).

Third, to the extent that plaintiff seeks monetary damages arising from his criminal conviction, he would be unable to obtain such damages absent a showing

that his criminal conviction had been overturned. To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). *See also Alkire v. Irving*, 330 F.3d 802, 816, n. 10 (6th Cir. 2003). Petitioner does not allege that his conviction was overturned, expunged, or called into question by a writ of habeas corpus; any allegations relating to his criminal prosecution, conviction, and incarceration against the defendants fails to state a claim for which relief may be granted. *See Adams v. Morris,* 90 F. App'x 856, 858 (6th Cir. 2004).

Fourth, to the extent that plaintiff seeks to have his criminal conviction vacated or set aside in this civil rights action, the civil rights complaint is subject to dismissal. Where a state prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A plaintiff cannot seek declaratory or injunctive relief relating to his conviction in a § 1983 action. *See Nelson v. Campbell,* 541 U.S. 637,

643 (2004).

To the extent that petitioner asks this Court to reverse his criminal conviction, his complaint would stand in habeas corpus, and not under the civil rights statute. This Court will not, however, convert the matter to a petition for a writ of habeas corpus. When a suit that should have been brought under the habeas corpus statute is prosecuted instead as a civil rights suit, it should not be "converted" into a habeas corpus suit and decided on the merits. *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Instead, the matter should be dismissed, leaving it to the prisoner to decide whether to refile it as a petition for writ of habeas corpus. *Id.* This Court cannot treat plaintiff's complaint as an application for habeas corpus relief because there is no indication that plaintiff has exhausted his state court remedies, as required by 28 U.S.C. § 2254(b) and (c), to obtain federal habeas relief. *See Parker v. Phillips,* 27 F. App'x 491, 494 (6th Cir. 2001). Moreover, any habeas petition would be subject to dismissal because plaintiff has failed to name the appropriate state official as the respondent. *See Clemons v. Mendez,* 121 F. Supp. 2d 1101, 1102 (E.D. Mich. 2000). Finally, *Heck* clearly directs a federal district court to dismiss a civil rights complaint which raises claims that attack the validity of a conviction; it does not direct a court to construe the civil rights complaint as a habeas petition. *See Murphy v. Martin,* 343

F. Supp. 2d 603, 610 (E.D. Mich. 2004).

Plaintiff has also briefly alleged several other constitutional violations. Plaintiff claims that he was assaulted and shot multiple times by an officer or prison guard, that he was separately assaulted by "Roman Catholic soldiers" who accused him of blasphemy, that he was wrongly placed on suicide watch, and that he was robbed, molested, and involuntarily medicated.

Plaintiff appears to be attempting to join together unrelated causes of action and defendants.[1] Plaintiff's attempt to join together a number of unrelated claims and defendants into one action would thwart the purpose of the Prison Litigation Reform Act (PLRA), which was to reduce the large number of frivolous prisoner lawsuits that were being filed in the federal courts. *See Riley v. Kurtz,* 361 F.3d 906, 917 (6th Cir. 2004). Under the PLRA, a prisoner may not commence an action without prepayment of the filing fee in some form. *See* 28 U.S.C. § 1915(b)(1). These "new fee provisions of the PLRA were designed to deter frivolous prisoner litigation by making all prisoner litigants feel the deterrent effect created by liability for filing fees." *Williams v. Roberts*, 116 F.3d 1126, 1127-28

---

[1] It is unclear whether venue would even be proper in this district, because most, if not all, of those alleged constitutional violations occurred at the Handlon Correctional Facility, which is located in the Western District of Michigan. Venue is in the judicial district where either all defendants reside or where the claim arose. *Al-Muhaymin v. Jones,* 895 F.2d 1147, 1148 (6th Cir. 1990); 28 U.S.C. § 1391(b).

(5th Cir. 1997). The PLRA also contains a "three strikes" provision requiring the collection of the entire filing fee after the dismissal for frivolousness, etc., of three actions or appeals brought by a prisoner proceeding *in forma pauperis*, unless the statutory exception is satisfied. 28 U.S.C. § 1915(g). The "three strikes" provision was also an attempt by Congress to curb frivolous prisoner litigation. *See Wilson v. Yaklich,* 148 F.3d 596, 603 (6th Cir. 1998).

The Fifth Circuit has discouraged "creative joinder of actions" by prisoners attempting to circumvent the PLRA's three strikes provision. *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 464 (5th Cir. 1998).

"In light of the PLRA provisions ... to continue the practice of allowing joinder of claims which are not in compliance with Rule 18 and Rule 20 [of the Federal Rules of Civil Procedure] would be to defeat, or at least greatly dilute, the clear intent of the fee payment and three-strikes provisions of the statute." *Walls v. Scott*, No. 97-cv-0393, 1998 WL 574903, at *3 (N.D. Tex. Aug. 28, 1998). Other courts have reached similar conclusions. *See Brown v. Blaine,* 185 F. App'x 166, 168-69 (3d Cir. 2006) (allowing an inmate to assert unrelated claims against new defendants based on actions taken after the filing of his original complaint would have defeated the purpose of the three strikes provision of PLRA); *Shephard v. Edwards,* No. C2-01-563, 2001 WL 1681145, at *1 (S.D. Ohio Aug. 30, 2001)

(declining to consolidate prisoner's unrelated various actions so as to allow him to pay one filing fee, because it "would improperly circumvent the express language and clear intent of the 'three strikes' provision"); *Scott v. Kelly,* 107 F. Supp. 2d 706, 711 (E.D. Va. 2000) (denying prisoner's request to add new, unrelated claims to an ongoing civil rights action as an improper attempt to circumvent the PLRA's filing fee requirements and an attempt to escape the possibility of obtaining a "strike" under the "three strikes" rule); *Proctor v. Applegate,* 661 F. Supp. 2d 743, 777 (E.D. Mich. 2009) (refusing to allow the joinder in a single multi-plaintiff complaint of a variety of claims, because "[E]ach separate claim by each plaintiff will require a particularized analysis regarding statute of limitations, exhaustion of administrative remedies, and on the substance."); *Harris v. Spellman,* 150 F.R.D. 130, 131-32 (N.D. Ill. 1993) (permissive joinder was not available with respect to two inmates' pre-PLRA § 1983 claims, which not only involved different occurrences, but also raised different issues of law; allegedly similar procedural errors do not convert independent prison disciplinary hearings into same "series" of transactions or occurrences for purposes of permissive joinder). The Court dismisses these remaining claims without prejudice.

The Court certifies that any appeal by the plaintiff would be frivolous and not undertaken in good faith. *See Alexander v. Jackson,* 440 F. Supp. 2d 682, 684

(E.D. Mich. 2006) (citing 28 U.S.C. § 1915(a)). Stated differently, it would be inconsistent for this Court to determine that plaintiff's complaint was too frivolous or meritless to be served upon the defendants, yet has sufficient merit to support a determination that any appeal from the Court's order of dismissal would be undertaken in good faith so as to permit such an appeal. *See Anderson v. Sundquist*, 1 F. Supp. 2d 828, 835 (W.D. Tenn. 1998) (citations omitted).

V. CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Complaint (ECF No. 1) is summarily DISMISSED FOR BEING FRIVOLOUS AND FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, pursuant to 28 U.S.C. § 1915A(e)(2) and 28 U.S.C. § 1915(A).

SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: April 17, 2019